Johnson, J.
In each of these cases the substantial question .is presented by the claim of the plaintiff to require from the superintendent of the insurance department, a transfer of certain securities which he holds in his official character. The plaintiff is a receiver appointed by the Hew York Common Pleas, in the exercise of its equitable 'jurisdiction, at the suit of a stockholder and creditor of the Eclectic Life Insurance Company, in a suit to establish its insolvency, and procure its dissolution, and the distribution of its assets. The securities which the defendant holds, were placed in his hands by the insurance company in question, in pursuance of the requirements of the law. (4 Edm. Stat. at Large, 218, § 6.) His duty in respect to such securities is defined by the same statute. It is there enacted that the superintendent of the insurance department shall hold such securities, as security for policy-holders in said companies. By a subsequent section of the same act (§ 17, pp. 224, 225), it is made the duty of the attorney-general, under specified circumstances, to apply to the Supreme Court for the dissolution of the company and the distribution of its assets, including the securities deposited as aforesaid. The Supreme Court, in case it is made to appear that the assets and funds of the company are insufficient *165 to reinsure the outstanding risks, is required to decree the dissolution and distribution as before mentioned. Undoubtedly any surplus which should remain after satisfying the policy-holders, would be applicable to the satisfaction of the general creditors of the corporation. On the other hand, in a proceeding to dissolve a corporation, under the general provisions of the statutes, the receivers who are appointed have certain general and defined powers and duties, and are required to make distribution upon principles which look to the preservation of equality of right among all the creditors, with some immaterial exceptions. We do not perceive the authority of such a receiver to require from the superintendent of the insurance department, the surrender of a trust which has been devolved upon him by law. We are entirely clear that the superintendent could not voluntarily transfer the trust, and we are at a loss to find any authority in the courts to compel him to do so. ¡Not regarding for the moment his official character and the statutory sanction of his trust, if it rested on contract alone, it is difficult to see on what footing a court could assume into the hands of its receivers, property lawfully held in trust, in the absence of misconduct on the part of the trustee. Mortgagees in trust could not be compelled to yield to receivers representing creditors at large. It is quite obvious that there are difficulties in the way of harmonizing these two independent schemes of dealing with insolvent insurance companies; but we are of opinion that the claims of the receiver cannot be asserted as paramount to the statutory duty of the superintendent. We venture to add that it is better that the legislative power should be invoked to resolve the difficulty and to provide for the protection of the rights of the parties interested in such cases, by general laws, than that the courts should attempt to build up a system out of the discordant and scanty material of positive enactments, now to be found in the statutes.
The judgments must be affirmed.
All concur, except Gboveb, J., not sitting.
Judgments affirmed.